## METROPOLITAN LIFE INSURANCE COMPANY v. WINIGER.

[No. 27,151. Filed October 31, 1938. Rehearing denied February 11, 1939.]

*Meyer, Fine & Bamberger,* and *Jesse D. Fine,* for appellant.

*David A. Myers, Edgar Durre,* and *Winfield K. Denton,* for appellee.

*Robert A. Adams,* amicus curiae.

ROLL, J.—This action was brought by appellee against appellant to recover on an insurance policy. The policy was issued to Alphons J. Winiger and appellee was named as the beneficiary thereof.

The complaint was in two paragraphs to which appellant filed a verified answer in general denial and an affirmative answer. There were special findings and conclusions of law. The trial court found in favor of appellee in the sum of $1,788.50, and costs. Appellant duly excepted to each conclusion of law, and also filed its motion for a new trial which was overruled with exceptions to appellant.

The errors assigned for reversal are:

(1) The court erred in its conclusion of law No. 1, which conclusion reads as follows: "The law is with the plaintiff."

(2) The trial court erred in its conclusion of law number two (2), which said conclusion reads as follows: "The plaintiff is entitled to recover of and from the defendant the face amount of the insurance policy in the sum of two thousand dollars ($2,000.00) plus interest at the rate of six per centum (6%) per annum from May 10, 1933, less the amount of loan indebtedness owing by the insured to the defendant in the sum of three hundred forty-four dollars ($344.00) and interest

at the rate of six per centum (6%) per annum to date, making a total sum to be deducted of four hundred fifty-six dollars fifty cents ($456.50), and leaving a net amount plaintiff is entitled to recover from the defendant of one thousand seven hundred eighty-eight dollars fifty cents ($1,788.50), together with her costs herein laid out and expended."

(3) The trial court erred in overruling the motion of appellant for a new trial.

The motion for a new trial assigns the following grounds, upon which appellant relies: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; and (3) there is error in the assessment of the amount of recovery, in that the assessment is too large.

The facts are not in dispute, and are in substance, as found by the trial court, as follows: The policy of insurance here in question was issued by appellant to Alphons J. Winiger, wherein appellee was named as the beneficiary, for the face amount of two thousand ($2,000.00) dollars. The premiums were duly paid until July 13th, 1932, but the premium due July 13th, 1932, was not paid and said policy was thereupon duly lapsed by the said insured for non-payment of premium. That on October 29, 1932, appellant notified insured that said policy had lapsed by reason of the non-payment of premium due July 13, 1932, and that said policy had lapsed on said date, to wit, July 13, 1932.

On October 22, 1929, the insured, Alphons J. Winiger, borrowed from appellant $344.00, and executed a loan certificate therefor, which loan had not been liquidated, and was a legal and valid indebtedness from the insured to the appellant at the time the policy lapsed and at the time of the insured's death.

Alphons J. Winiger died on April 24, 1933. At the

time the policy lapsed for non-payment of premiums there was due on the loan as interest $54.02, or a total indebtedness of $398.02.

On January 5, 1934, appellant tendered and delivered to Edgar Durre, of Evansville, Indiana, as attorney and agent for appellee, its check for and in full settlement of its liability under the policy, the sum of one hundred ninety-nine dollars twenty-one cents ($199.21), which amount represented the amount of extended insurance as calculated by appellant, to-wit, one hundred ninety-five ($195.00) dollars, the amount of extended insurance, plus four dollars twenty-one cents ($4.21) interest, which check appellee declined to accept, and which was returned to appellant. On February 7, 1935, appellant renewed its offer to pay the sum of $199.21, together with interest at 6% from January 5, 1934, or a total of $212.45 This offer was again refused by appellee, and the tender was kept good by the payment of the amount to the clerk of the court for the use and benefit of appellee.

The court found that the policy of insurance, here in question, at the time the same lapsed for non-payment of premiums, namely, on July 13, 1932, had a cash surrender value, according to the table of values set out in the policy, of $441.00.

The court further found that a balance of $42.98 was due and owing to the insured on the policy at the time said policy lapsed, to-wit, July 13, 1932, over and above his indebtedness, which sum was available to purchase extended insurance, and when thus applied, carried the policy of insurance in force past the date of insured's death. The 14th finding of the trial court is as follows:

"That there is due and owing the plaintiff from the defendant the sum of two thousand dollars ($2,000.00) plus interest at the rate of six per centum (6%) per annum from May 10, 1933, less

the indebtedness of the insured to the defendant in the principal sum of three hundred forty-four dollars ($344.00) and interest at the rate of six per centum (6%) per annum, making a total of four hundred fifty-six dollars fifty cents ($456.50), and leaving a net balance due plaintiff from defendant in the amount of one thousand seven hundred eighty-eight dollars fifty cents ($1,788.50)."

It was further found by the court that neither the insured nor any one acting for him surrendered said policy for cash or for endorsement for non-participating paid-up endowment insurance or for extended term insurance.

So the facts reduced to the minimum, are these. The cash surrender value of the policy at the time it lapsed was $441.00. The indebtedness due the company was $398.02, or a reserve of $42.98, with which to purchase insurance. (It is stated in appellant's brief, and not controverted by appellee, that $42.98 will purchase $195.00 insurance at the age of insured, for 14 years and 8 months according to the table of loans and values attached to and made a part of the policy.) The question therefore presented, on this appeal, is; what amount of insurance is appellee entitled to under the terms of the policy and the statutes of Indiana?

The statute involved is the Act of 1909, p. 251, §4622a, Burns' Ind. St. 1914, clause 10, which reads as follows:

"That in the event of the default of premium payment after premiums have been paid for not less than three years, the insured shall be entitled to the extended insurance shown in the table of values and options for the end of the last year for which full annual premiums shall have been paid: Provided, That any unpaid note given for premium and any existing indebtedness to the company on account of or secured by the policy shall reduce the amount or term of such extended insurance in the ratio of such indebtedness to the net value of such extended insurance: . . ."

The clause here in question and contained in the policy reads as follows:

"On surrender or default any indebtedness to the Company under this Policy will be deducted from the cash value; and such indebtedness will also reduce the amount of paid-up insurance or the amount continued as term insurance and any pure endowment payable at the end of the endowment term, in such proportion as the indebtedness bears to the cash value at due date of premium in default."

By the plain and express terms of the above statute the legislature granted two options: (1) The indebtedness shall reduce the amount of the extended insurance in the ratio of such indebtedness to the net value of such extended insurance; or (2) such indebtedness shall reduce the term of such extended insurance.

If the first option given by the statute was made available, we would have, when applied to the facts and figures in this case the following:

|  |  |  | Reduction |  |  |
| Indebtedness | | Cash Value | of Amount | | |
| $398.02 | : | $441.00 | :: X | : | $2,000.00 |

which, when the ratio is worked out would be $1805.08, the amount by which the face of the policy should be reduced. Therefore if the amount be reduced in the ratio of the indebtedness to the cash value we have $194.92, which would be the amount of insurance and the term would be the same, or for 14 years and 8 months.

If the second option should be available, and the indebtedness used to reduce the term instead of the amount, leaving the amount the same as the face of the policy you will reduce the term in the ratio of the indebtedness to the cash value, then we have the following ratio:

| Indebtedness | Cash Value | Reduction of Term | | |
|---|---|---|---|---|
| $398.02 | : $441.00 | :: | X | : 14 Yrs. 8 Mos. |

which, when the ratio is worked out, gives 1 year 5 months and 7 days. So if the term is reduced appellee would be entitled to have the face of the policy continued for 1 year five months and seven days.

The statute permits the indebtedness to be used in either of the above methods. But by the terms of the policy, which constitutes the contract between the parties, the method of settlement is clearly designated. The insured, when he signed the policy definitely agreed, that the settlement should be made by reducing the amount of extended insurance in the ratio that the indebtedness bears to the cash value of the insurance at the time the policy lapsed. We can see no material difference in the provisions of the policy and the first option permitted by the above quoted section of the statute. If the policy had provided that the indebtedness should reduce the term of extended insurance in such proportion as the indebtedness bears to the cash value at due date of premium in default, such a provision would have been in accord with the second option permitted by the statute. The statute does not designate which of the two options shall be incorporated in the policy. The insurance company is permitted to designate either. In the policy here in question, the company chose the first option, that is, to use the indebtedness to reduce the amount of extended insurance and not the term. Appellee's insured accepted this method of settlement when he purchased the insurance as the policy became the contract between the parties. Both appellant and appellee have a right, and only such right, as is circumscribed by the provisions of the policy.

The provisions of the policy, here in question are not

in conflict with the Indiana statute relating to the method of settlement under the facts presented, ▅ and are such as the parties had a right to incorporate in their contract. When parties enter into a valid contract, courts can only enforce the terms thereof as agreed in the contract, but they have no authority to make a new and different contract for them.

Appellee relies heavily upon the case of *New York Life Ins. Co.* v. *Lahr* (1922), 192 Ind. 613, 137 N. E. 673, and contends that the rule in regard to forfeiture as therein stated is controlling in the case at bar, because the record shows that appellant, after the death of the insured offered a paid up endowment policy for $85.00 or admitted liability for that amount and that such an offer was a recognition that the policy was not void, but that it was valid and enforcible according to its original terms. In the Lahr case it must be noted that the policy there in question was issued before the enactment of any statute in this state upon that subject, and also that the policy itself provided for a forfeiture for non-payment of premiums. The court held that the forfeiture clause for non-payment of premiums was a condition subsequent, and was not self executing. Non-payment of premiums created a condition that rendered the policy voidable, and not void, at the election of the company. The company did not avoid the policy, but did do affirmative acts recognizing the validity of the policy, and an intention to continue it in force according to its original provisions. The policy itself contained no provision with reference to paid up insurance or extended insurance, except upon the affirmative act of the insured, within six months after the lapse date. Also it must be kept in mind that the insurance company contended that the policy was forfeited and no liability existed at all.

In the case at bar, there is no contention that the policy is void and that there is no liability thereunder. Both parties are contending *under the provisions of the policy*. Appellant contends that it is liable for a certain amount *under* the provisions of the policy. The quoted provisions of the policy limits and prescribes the liability of the company and inasmuch as we have heretofore held that the provisions of the policy are valid and in accordance with the requirements of the statute they become valid and binding provisions of the contract, and renders appellant liable for the amount therein stated under the provisions of the contract. The fact that appellant offered a paid up endowment or admitted its liability for an amount equal to the value of a paid up endowment, which is not permitted by our statute, is of no controlling influence. The question here being, what is the liability of the insurance company under the provisions of this particular contract. We think the Lahr case easily distinguishable from the case at bar, and that it is not contolling in this case.

The court erred in its 1st and 2nd conclusions of law.

Reversed with instructions to restate its conclusions of law in favor of appellant as herein decided, and for further proceedings not inconsistent herewith.