BELL ET AL. *v.* NEW YORK LIFE INSURANCE COMPANY.

[No. 19,556.   Filed May 22, 1963.]

615

*Lewis E. Jones* and *Campbell, Anderson & Jones,* of Anderson, for appellants.

*Robert L. Austin* and *Stewart & Austin,* of Anderson, for appellee.

CARSON, J.—This is an appeal by the plaintiffs below, Willis D. Bell and James F. Bell, growing out of an action on a group insurance policy for life insurance benefit and hospitalization and sickness benefits. The policy was issued by the New York Life Insurance Co.

to the Gary Goodwill Industries, Inc., the employer of the appellants' decedent.

To the plaintiffs' amended complaint the defendant, appellee herein, addressed a demurrer on two grounds: 1. Insufficient facts to constitute a cause of action for either life insurance benefits or hospital or surgical, and 2. A defect of parties defendant. This demurrer raised issues of law which were determined by the court.

The court sustained the defendant's demurrer as to the life insurance benefits and as to the hospital and surgical benefits and ruled that the appellants, plaintiffs below, plead further by April 21, 1960. There was no ruling on the question of a defect of parties defendant and no question is presented to this court on appeal on that issue.

On the 18th of July, 1960, the plaintiffs having failed and refused to plead further, the court defaulted them and rendered judgment accordingly against the plaintiffs and for the defendant.

From this ruling and judgment the appellants assigned that there was manifest error in the judgment and proceedings in this cause, which is prejudicial to the appellant in this: The court erred in sustaining the appellee's demurrer to the appellants' amended complaint.

For us to dispose of the question presented by this appeal, it is necessary for us to consider the language of the insurance certificate furnished to the appellant decedent, and particularly those portions upon which the present action was predicated. We find the following language in the certificate:

## "IMPORTANT NOTICE

"If you cease active full-time work for any reason, contact your Employer at once to determine

what arrangement, if any can be made to continue your insurance.

"The Group Policy is a contract between the Employer and New York Life, and provides that it may be changed or terminated by written agreement between those parties. This certificate is a summary of the provisions of the Group Policy affecting you, and is merely evidence of the insurance provided under the Group Policy.

. . . . .

## "TERMINATION OF YOUR INSURANCE

"The Group Policy provides that, except as provided in the Continuance of insurance provisions, your insurance will terminate upon the occurrence of the first of the following events:

1. termination of your employment, i.e., cessation of active full-time work for the Employer, in the classes of employees eligible for insurance; or

. . . . .

## "LIFE INSURANCE PROVISIONS
## DEATH BENEFIT

"The Group Policy provides that, if you die while insured by its Life Insurance provisions, New York Life will pay your beneficiary the amount of Life Insurance applicable to you (shown in the Schedule of Insurance), upon receipt of due proof of death.

## "CONTINUANCE OF INSURANCE

"The Group Policy provides in its Continuance of Insurance provision, that, notwithstanding its other provisions, your insurance will remain in force after the day it would otherwise terminate, as follows:

"31-Day Benefit: It will remain in force during the thirty-one days in which you are eligible to exercise the Conversion Privilege, whether or not you have applied for conversion, in an

amount equal to the maximum amount you are eligible to convert.

. . . . .

## "CONVERSION PRIVILEGE

"The Group Policy provides that if your insurance terminates because of (a) termination of employment, or (b) termination of membership in a class eligible for insurance, you shall have the privilege of converting all or at your option any part of your insurance to an individual policy of life insurance, without being required to furnish evidence of insurability, subject to the following conditions:

"1. written application for the policy and payment of the first premium thereon must be made within thirty-one days after termination of such employment or membership;"

. . . . .

This being an action based upon the insurance policy, we must examine the complaint, to which demurrer was filed, to determine if the appellants alleged a cause of action within the terms of the insurance policy. The pertinent portions of the complaint which require our consideration are as follows:

"2. That on or about February 8, 1952, said defendant company insured Willis D. Bell, Sr., while he was an employee of Gary Goodwill Industries, Inc., ... under a group policy made and executed with said employer, the exact contents of which are within the knowledge of the defendant and said employer, and not within the knowledge of these plaintiffs, but which is evidenced however, by a certificate no. 25 issued and delivered to the possession of the insured, ...."

. . . . .

"5. That on or about the 3rd day of October, 1957, the said insured became ill at work and after returning home later on said day, he was admitted to the hospital where he remained until December 20, 1957. That said insured was rendered totally disabled and in confinement ei-

ther in the hospital or at home gravely ill continuously from October 3, 1957, until August 21, 1958, as a direct result of said illness which manifested on October 3, 1957. That insured was admitted to St. John's Hospital at Anderson, Indiana, on August 14, 1958, where he remained seven days and died August 21, 1958."

. . . . .

"7. That said group policy also provides that if the employment of the insured by the employer is terminated, the insured have the privilege of converting all or at his option any part of the insurance to an individual policy of life insurance, without being required to furnish evidence of insurability upon the application by the insured and payment of the first premium within thirty-one (31) days after termination of such employment.

. . . . .

"9. That insured remained in the status of employee in relation to said employer, Gary Goodwill Industries, Inc., continuously from October 3, 1957, until his death, August 21, 1958.

"10. That said insured and the beneficiaries of the said policy relied upon said conduct of the employer, Gary Goodwill Industries, Inc., in continuing the employment relationship of the insured after his illness on October 3, 1957, and release from the hospital December 20, 1957, and also relied upon the insurance coverage as manifested by the payment of the claim for the hospitalization ending December 20, 1957, and the continued acceptance and receipt of premium payments by defendant, New York Life Insurance Company, in believing that said policy of insurance continued in force and that he continued to be covered for life insurance benefits and for hospital and sickness benefits.

"11. That said insured and the beneficiaries under the policy, as a result of their reliance upon said conduct of the defendant company and of the employer as above alleged, did not exercise the conversion privilege above alleged as provided in said policy.

"12. That no date was ever specified by the defendant company or by the employer to the said insured or the beneficiaries as being the date when the conversion privilege under said policy could be exercised or when the thirty-one (31) day grace period could begin to run as a limitation upon the exercise of such conversion privilege."

We must first consider the certificate furnished the employee to determine whether or not it clearly defines the contract between the parties. We can then weigh the sufficiency of the allegations of the complaint to determine whether or not the complaint alleges a cause of action within the terms of the contract.

It appears to us from examination of the certificate furnished to the appellants' decedent that the language therein is clear and unambiguous; to arrive at any other construction of the certificate would amount to the court making a new and different contract for the parties. It has been previously held by the Supreme Court of the State of Indiana that our courts can only enforce the terms of the contract as agreed upon and has no authority to make a new or different contract. *Metropolitan Life Insurance Company* v. *Winiger* (1938), 215 Ind. 120, 17 N. E. 2d 86. *Automobile Underwriters, Inc., et al.* v. *Camp, b/n/f et al.* (1940), 217 Ind. 328, 27 N. E. 2d 370. *Continental Life Ins. Co.* v. *Malott, Admx.* (1929), 89 Ind. App. 263, 166 N. E. 15.

In the case of *Continental Life Ins. Co.* v. *Malott Admx., supra,* the court in discussing the general rule of law to the effect that doubts are to be resolved in favor of the insured cited at page 268 *Fidelity & Casualty Co.* v. *Teter* (1894), 136 Ind. 672, 36 N. E. 283 and said:

"But in the policy in suit, there is no ambiguity and the plain terms of the contract must be followed."

The appellants urge that no notice was given to the appellants decedent that his employment had terminated. We find no provision in the certificate of insurance entitling the insured to any notice.

The appellants' decedent had the certificate in his possession from the date of his employment on February 8, 1952, until the date of his death on August 21, 1958. He knew all of the terms of said contract. In considering a similar situation the court of Massachusetts in the case of *Colter* v. *Travelers' Ins. Co.* (1930), 170 N. E. 407, at page 409 said:

"It is obvious any employee of the insured who paid any attention to the plan of group insurance, as described in the policy issued by the insurer to the insured and in the certificate of insurance issued to each employee of the insured, could not be ignorant of or mistaken as to his right upon the termination of his employment for any reason whatsoever to convert this certificate of insurance..."

From an examination of the certificate, we conclude that the appellants' decedent was adequately advised of the terms of his insurance and as stated above we cannot make a new and different contract for the parties.

We come now to the consideration of the complaint and the demurrer addressed thereto. The law is well settled in this state that a demurrer admits all facts well pleaded, but does not admit all the conclusions which may be drawn from such facts by the pleader. *Western Union Telegraph Company* v. *Taggart, Auditor, et al.* (1894), 141 Ind. 281, 40 N. E. 1051. In the case of *Honey Creek School Township* v.

*Barnes et al.* (1889), 119 Ind. 213, 21 N. E. 747, the court had before it a complaint dealing with the authority of a school trustee to purchase books and the court in discussing the complaint said at page 216:

". . . the complaint should affirmatively show the purchase and contract to have been one which the trustee was, by law, authorized to make."

In the case of *Wabash Railroad Company* v. *Beedle, Administrator* (1909), 173 Ind. 437, 90 N. E. 760 the Supreme Court said in citing many authorities:

"It has been repeatedly affirmed by this court that facts in a pleading must be positively averred and not set out by way of recital, inference or conclusion, and that no facts will be presumed to exist in favor of a pleading which have not been averred or alleged, as it is always presumed that a party's pleading is as strong in his favor as the facts will warrant."

In the case of *Millspaugh, Administrator* v. *Northern Indiana Public Service Company* (1938), 104 Ind. App. 540, 12 N. E. 2d 396, this court quoted from the case *Greathouse* v. *Board, etc.* (1926), 198 Ind. 95, 151 N. E. 411, decided by our Supreme Court and said:

"A demurrer for want of facts admits as true all facts that are well pleaded, but it does not admit conclusions of law and does not admit all conclusions which may be drawn from such facts by the pleader."

From a careful examination of the complaint and the certificate of insurance we come to the conclusion that the plaintiffs alleged as strong a case as they could prove. We are of the opinion that the complaint in this case did not state facts sufficient to constitute a cause of action and that the

ruling of the trial court in sustaining the demurrer was proper.

Judgment affirmed.

Cooper, C. J., Clements, J., and Ryan, J., concur.

NOTE.—Reported in 190 N. E. 2d 432.