STATE OF INDIANA *v.* SCOTT CONSTRUCTION COMPANY.

[No. 14,127. Filed January 23, 1931. Rehearing denied April 22, 1931. Transfer denied December 12, 1933.]

*James M. Ogden,* Attorney-General, and *Connor D. Ross,* Assistant Attorney-General, for the State.

*Merle N. A. Walker,* for appellee.

LOCKYEAR, C. J.—This is an action upon a contract between the appellee and the state of Indiana through the state highway commission for the construction of a highway improvement project between Shoals and West Baden.

This is the second appeal in this action. On the first appeal, the cause was remanded with instructions to the trial court to find the facts specially and to state conclusions of law thereon. 89 Ind. App. 714, 166 N. E. 775.

On this appeal the record shows that the trial court found the facts specially and stated conclusions of law thereon. The issues in this case and the facts found by the court, center around one paramount issue, to wit: whether the contract contained a clause denominated "Rock Excavation" and the construction of the contract.

The appellee filed an itemized bid for said work in which were two items, to wit:

97,065 Cu. Yards excavation without classifi-
cation @ 56c per cu. yard............................$54,336.40
22,555 Cu. Yards special borrow @ 60c........$13,533.00
and twelve other items in tabulation. The bid was a part of the contract which the appellant contends, put the appellee under a duty to excavate everything in the

right of way including dirt, rock, or any other substance at 56c per cubic yard.

The findings of the court on the main question at issue are as follows:

That by the terms of the said contract, the appellee's bid is made a part of the contract as if written herein. That among the general provisions and specifications set forth in the standard specifications heretofore alleged to have been adopted and made a part of the written contract, and among such specifications relating to changes, extra work and the manner for the payment of the same were the following provisions:

*Change of Plans.* The contractor shall make no change from the plans and specifications unless so authorized in writing by the engineer. In case of any discrepancy between the sealed and figured dimensions of any drawing, the engineer shall make such corrections and interpretations as may be necessary to carry out the intent of the contract.

The engineer reserves the right to make such alterations in the plans, or in the character or quantity of the work as may be necessary from time to time not to exceed twenty per cent of the contract price. The contractor agrees to make such changes at the unit prices bid for the items involved.

*Special Provisions.* All special provisions will be stated in or attached to the proposal form and shall prevail even though they conflict with these specifications.

*Extra Work.* Work other than that provided for in the contract shall be performed by the contractor wherever, in the opinion of the engineer, such work is necessary to properly complete the proposed improvement. This work will be paid for as agreed upon previously by the contractor and director. If no such agreement can be made or where this method of payment is imprac-

ticable, the director may order the contractor to do such work on a "Force Account" basis.

*Special Borrow.* Whenever it is necessary to obtain additional material for the construction of embankment or shoulders from outside the right of way, such material shall be known as special borrow.

That among the specifications adopted by the appellant for the execution of the work under the contract, hereinbefore set out in these findings, special specifications prevailed over general specifications and that the following special specifications were adopted as a part of the specifications governing the execution of the contract for the execution of the work hereinbefore set forth in these findings.

*Rock Excavation.* When solid rock is encountered which cannot be removed by the methods being employed by the contractor in excavating earth, the contractor will be paid for such material excavated a price equivalent to three times the price bid on earth excavation. Any boulder greater than one-half cubic yard in dimension will be classified as rock excavation. No material excavated and classified as rock excavation by the engineer will be included in the measurement of earth excavation.

That this specification prevailed over other specifications as to classification.

That the appellant by and through its engineer, approved by the appellant director of said highway commission pursuant to the contract herein set out between the parties to this action adopted and allowed 22 estimates, covering the current monthly quantities at the contract price of the different classes of work covered by the contract, including the several items of excavation designated as earth, special borrow and rock in other estimates as excavation, special borrow and in other estimates earth, special borrow, rock.

That in estimates 3 to 22 inclusive, the project engineer, the chief engineer, and the director each classified certain of the material excavated as rock, such estimates being paid upon warrants signed and authorized by the chief engineer and director of public highways, drawn upon the state treasurer from the funds appropriated for the purpose of the improvement provided for in this contract herein set out.

That upon each of such estimates partial payment was made under the contract, and a percentage of such estimates was retained by the state highway commission, according to the provisions of the contract.

That the appellee and the appellant acted upon, relied upon such estimates and appellee made payments to subcontractors employing the classification set forth in such estimates.

That the parties to the contract, by such conduct, construed the contract to provide for rock excavation, hereinbefore set out in the special specifications and construed by such conduct and actions the contract to provide for earth excavation, special borrow, and rock excavation and not excavation without classification.

The court thereupon finds that the parties to this contract by such conduct and by the payment of such estimates are bound by their construction of such contract to the extent that such contract provided for rock excavation and classification pursuant to such special specifications in this finding set forth, and to provide for earth excavation and classification and that both of the parties to this action acted upon such construction of such contract and made estimates and payment pursuant to such classification and construction and are bound thereby.

That all the work performed by the appellee for the appellant as set forth in this finding and all the amounts so found in this finding and the work done, has been accepted, approved, employed, and used by the defend-

ant since its completion and have been fully and finally accepted by the appellant by and through its chief engineer and director.

That the appellee is entitled to recover for the items herein set out the total sum of....$353,625.12

Less the sum of ............................................... 285,782.45

The court also finds that the appellee is entitled to be paid for all the items of labor and material furnished by him under such contract, which the court finds the appellee substantially completed according to the contract after giving credit for all payments made the balance..............................$ 67,842.67

That in addition to such balance the appellee is entitled to have and recover of the appellant interest thereon at the rate of 6 per cent per annum from February 6, 1928, in the sum of................................................$ 7,801.90

Total ....................................................$ 75,644.57

That there is not sufficient evidence to sustain appellant's counterclaim.

In the trial of this case it became a question of fact to be determined by the court trying the case whether the provisions known as "Rock Excavation" was or was not in the contract.

Evidence was introduced concerning the original contract and copies thereof furnished to the appellee and to the surety company, which was surety on the appellant's bond given to secure the performance of the work, and is to the effect that this provision was typewritten and attached not only to the copies but to the original contract when it was executed and delivered and in addition thereto there is ample evidence for the court to find as an ultimate fact that the highway commission and the engineer in charge of the work acted upon the theory that the contract contained that provision.

This road was to be built through a hilly and rocky country which fact was open and visible to all parties concerned before the contract was executed. It would be a strained and unreasonable construction for this court to construe the contract in any manner other than the construction given it by the parties.

It is a rule of construction of contracts that special provisions shall prevail over general provisions and where in the use of printed forms, a contract is partly printed and partly written, and there is a conflict between the printing and the writing, the writing will prevail and hand-writing under the same rule prevails over typewriting. *Sprague Elec. Co.* v. *Bd. Commrs. Hennepin County* (1901), 83 Minn. 262, 83 N. W. 332; and typewriting over printing, *Soucy* v. *Lewis Obert Brwg. Co.* (1913), 180 Ill. App. 669; *Heyn* v. *New York Ins. Co.* (1908), 192 N. Y. 1, 87 N. E. 725; *Gabbert* v. *Seymour Edwards Oil Co.* (1915), 76 W. Va. 718, 86 S. E. 671, and that with the finding of facts before them and the evidence to support the same, the appellant is not in a position to say that the contract did not contain the "Rock Excavation" provision.

Error is also assigned in that the amount of the judgment is excessive for the reason that the court allowed the sum of $7,801.90 as interest in arriving at the total amount of the judgment.

The question of whether the state is obliged to pay interest is discussed in the case of *Carr, Auditor et al.* v. *State ex rel. Coetlosquet* (1890), 127 Ind. 204-220, 26 N. E. 778, quoting from *Wightman* v. *United States* (1888), 23 Ct. Cl. 147, "There is no law fixing a rate of interest for all classes of the public debt, and a long established public policy has been to pay interest only where it is a subject of express agreement or of positive enactment." *Trustee, etc.* v. *Campbell* (1864), 16 Ohio St. 11; *Josselyn* v. *Stone*

(1855), 28 Miss. 753; *State* v. *Kinne* (1860), 41 N. H. 238; *Attorney General* v. *Cape Fear Co.* (1843), 2 Iredell Equ. (37 N. C.) 444; *Auditor of State* v. *Arles* (1855), 15 Tex. 72; *State* v. *Thompson* (1849), 5 Eng. (10 Ark.) 61.

The appellee has cited the case of the *Metropolitan Life Ins. Company* v. *State* (1924), 194 Ind. 657, 144 N. E. 420, which was an action to recover back money unlawfully exacted in the name of the state, and of the use of which the owner was deprived, and the court says that a different rule is applied under such circumstances, but where the state promises to pay a sum of money but does not promise to pay interest or does not promise to pay interest after maturity of the debt, the right to recover is strictly limited by the terms of the contract. *United States* v. *North Carolina* (1890), 136 U. S. 211, 10 Sup. Ct. 920, 34 L. Ed. 336; *South Dakota* v. *North Carolina* (1903), 192 U. S. 286, 24 Sup. Ct. 269, 48 L. Ed. 448; *State ex rel.* v. *Board of Public Works* (1881), 36 Ohio St. 409.

Burns 1926, Sec. 1555 (§1622, Baldwin's 1934) is as follows: "Whenever by any decree of judgment of said Superior Court of Marion County, Indiana, or the Supreme Court, a sum of money is adjudged to be due any person from the State of Indiana, no execution shall issue thereon but said judgment shall draw interest at the rate of 6 per cent per annum from the date of the adjournment of the next ensuing session of the general assembly until an appropriation shall have been made by law for the payment of the same and said judgment paid."

This statute indicates that it is not the policy of the law to pay interest except in cases where there is a positive law or a contract to pay interest.

It is not necessary that this judgment be reversed for the reason that the judgment is excessive only in the amount of the interest.

It is therefore ordered·that this judgment be and is hereby affirmed on condition that the appellee file a remittitur in this court of the amount of said interest to wit: $7,801.90 within 60 days from this date and if not so filed within said time this cause will be remanded to the trial court with instructions to modify the judgment and enter judgment for the appellee in the sum of $67,842.67.

Neal, P. J., not participating.