**McCOY v. ELLIOTT (PENNSYLVANIA CASUALTY CO., Garnishee).**

Civil Action No. 966–M.

District Court, S. D. Florida, Miami Division.

July 17, 1947.

L. J. Cushman, of Miami, Fla., for plaintiff.

H. Reid DeJarnette, of McKay, Dixon & DeJarnette, of Miami, Fla., for defendant and garnishee.

DE VANE, District Judge.

Plaintiff sued defendant for damages resulting from the death of plaintiff's wife, who was killed in an automobile accident on December 10, 1943, at or near the town of South Bay, Florida. The accident was the result of a collision between a truck operated by plaintiff and a truck owned by defendant and operated by an employee. On December 1, 1945, plaintiff recovered a judgment against defendant in the sum of $4,000, plus court costs taxed at $38.33, a total of $4,038.33. Defendant carried a policy of insurance with the Pennsylvania Casualty Co., the garnishee herein, and the question now before the court is whether the Insurance Company is liable under the policy of insurance for the judgment recovered against defendant.

The insurance policy contained a rider, reading as follows:

"In consideration of the reduced premium at which this policy is issued it is warranted by the Assured that the regular and frequent use of the commercial automobile described in the policy is and will be confined during the policy period to the territory within a 500 mile radius of the limits of the city or town of principal garaging of such automobiles; that no regular or fre-

·quent trips are or will be made during the policy period to any location beyond a 500 mile radius from the limits of the city or town of principal garaging of such automobiles."

The evidence shows that defendant's truck was garaged at Laurel, Delaware. The parties agree that South Bay, Florida, ·is more than five hundred miles from the "city or town of principal garaging."

The specific question before the court is whether or not the provision of the rider ·to the effect that the "regular and frequent" use of the truck would be confined to a five hundred mile radius of the limits of the city or town of principal garaging was violated when the truck was brought to Florida. The testimony shows that early in November, 1943, defendant's Son came to Florida in the capacity of broker, to purchase vegetables for Northern commission houses represented by him and that defendant sent the truck to Florida to aid in transporting any vegetables purchased by the Son. Testimony further shows that between early November and December 10, 1943, the truck had made two trips to Florida and was in Florida on its third and last trip. From this testimony it is thus apparent that only a limited use of the truck was made by defendant's Son in his vegetable buying activities in Florida.

The cases are not in agreement as to whether such use of a commercial automobile, as was made by defendant of his automobile in sending it to Florida on three separate trips, voids an insurance policy carrying a rider such as that attached to the insurance policy in question. The court has given consideration to these cases and follows the cases holding that a limited use of the truck by defendant in sending it to Florida did not void the policy.

Counsel for plaintiff claims he is entitled to an attorney's fee in case the the court determines garnishee liable. Section 625.08, F.S.A., provides for an attorney's fee where the "beneficiary named" in the policy of insurance finds it necessary to employ an attorney to enforce his claim against the insurance company. Plaintiff not being the "beneficiary named" in the insurance policy, his counsel is not entitled

to the benefits of the statute and no attorney's fee will be allowed.

A judgment will be entered in favor of plaintiff and against the Pennsylvania Casualty Co., garnishee, in the sum of $4,038.-33, with interest from December 7, 1945, to the date of the entry of the Judgment.