**INDIANA ROLLING MILL BALING CORPORATION**

v.

**NATIONAL AUTOMOBILE AND CAS-UALTY INSURANCE COMPANY.**

No. 804.

United States District Court
N. D. Indiana, Fort Wayne Division.

June 21, 1956.

Byron F. Novitsky, Fort Wayne, Ind., for plaintiff.

Hunt, Longfellow & Suedhoff, Fort Wayne, Ind., Winslow Van Horne, Auburn, Ind., for defendant.

PARKINSON, District Judge.

This is a declaratory judgment action wherein both parties have filed motions for summary judgment, which, by agreement, were submitted on an agreed stipulation of the facts to be considered by the court as admissions of the parties in the determination of the motions.

Under the agreed submission summary judgment must be entered. It is the question as to which of the parties is entitled thereto which now solicits the decision of this court.

The agreed facts are that on March 4, 1952 the defendant issued a combination automobile insurance policy to plaintiff's bailor for a term of one year from February 13, 1952 to February 13, 1953, with the place of principal garaging therein designated at 315 E. Columbia Avenue, Fort Wayne, Indiana, and containing a commercial radius or limitation of use endorsement reading as follows:

"In consideration of the premium at which the Policy designated below is issued, it is warranted by the Insured that no regular or frequent trips of commercial vehicles described in such Policy are or will be made during the policy period to any location beyond a *50* mile radius from the limits of the city or town of principal garaging of such vehicles.",

the attachment thereof to the policy resulting in a premium of $96.55 less than the applicable premium for a policy not containing such endorsement.

On September 1, 1952, the insured, Harry Fox, loaned the truck covered by the policy to the plaintiff for approximately one month to haul a large quantity of scrap iron and metals from the General Electric Plant at Lockland, Ohio to the New York Central Railroad siding

at Sharonville, Ohio, both Lockland and Sharonville being in Hamilton County, Ohio in the Cincinnati metropolitan area and more than 100 miles from Fort Wayne, Indiana, and where the premium on the policy in suit would have been $284.31 as compared with $219.08 in Fort Wayne.

On September 1, 1952, the truck was driven from Fort Wayne, Indiana to Lockland, Ohio by an employee of the plaintiff and thereafter made several trips each working day between Lockland and Sharonville without returning to Fort Wayne, and while being so continuously used by the plaintiff, on September 19, 1952, was involved in an accident resulting in litigation against the plaintiff, which the defendant refuses to defend for the plaintiff, the defendant having denied liability under the policy for all injuries and damages arising out of the accident, precipitating an actual dispute between the parties and necessitating a judicial declaration of the rights of the parties under the insurance contract.

■ We have held it to be the law, as contended by the plaintiff, that where an insurance policy is reasonably susceptible of two constructions, that construction should be adopted which is more favorable to the insured, but we have also held, and now reaffirm that holding, that a contract of insurance, like any other contract, must be construed according to the sense and meaning of the terms which the parties have used, and, if they are unambiguous, the terms are to be taken in their plain and ordinary sense. The terms of an insurance policy must not be distorted from their natural meaning and the agreed liability of the insurer enlarged into one which only a new and different contract would have imposed and the rights of the insured thereby extended beyond the clear limits of the policy which was purchased at a stated premium.

As to whether the phrase "no regular or frequent trips of commercial vehicles described in such Policy are or will be made during the policy period to any location beyond a 50 mile radius from the limits of the city or town of principal garaging of such vehicles" is ambiguous requiring application of the rule of strict construction against the defendant is unimportant to a decision of the question in controversy because even under the strictest construction against the insurer there is absolutely no question under the agreed facts but that at the time of the accident the plaintiff, the insured's bailee, was operating the truck on regular and frequent trips to locations beyond a 50 mile radius from the limits of the city of Fort Wayne, Indiana.

■■ We are in complete accord with the general rule, and we so hold, that the restriction on coverage in the limitation of use endorsement attached to the policy in suit does not extend to casual or occasional trips beyond the 50 mile radius specified therein and such trips would not alter the defendant's liability but where, as here, the truck was driven beyond the 50 mile radius for the specific purpose of making regular trips at a frequency of several times daily for a period of a month between locations over 100 miles from the designated place of principal garaging, under the strictest construction against the defendant such use constituted regular and frequent trips to locations beyond the 50 mile radius and violated the provisions of the limitation of use endorsement. To hold otherwise would stultify such an endorsement and would permit one to purchase a policy of insurance with a commercial radius endorsement at a premium applicable to the place of designated principal garaging, use the vehicle in a location beyond the restricted radius where the premium would be much higher and enforce liability against the insurer in case of accident because the vehicle left the restricted area just one time and, therefore, the trips made beyond the restricted radius, though with daily regularity and with a frequency of several times daily, were not regular or frequent. That is not the law.

Accordingly we hold that the pleadings and admissions on file show there is no

genuine issue as to any material fact and the defendant is entitled to a judgment as a matter of law; that the motion of the plaintiff for summary judgment is denied and the motion of the defendant for summary judgment is granted, and the clerk is ordered to enter judgment that at the time of the accident on September 19, 1952 at Evendale, Ohio the plaintiff was operating the truck of Harry Fox outside the terms of the policy in suit and without any coverage thereunder, and the defendant is not liable under the policy in any manner whatsoever because of said accident, at the costs of the plaintiff.