**INDIANA ROLLING MILL BALING CORPORATION, Plaintiff-Appellant,**

v.

**NATIONAL AUTOMOBILE AND CASUALTY INSURANCE COMPANY, Defendant-Appellee.**

No. 11844.

United States Court of Appeals Seventh Circuit.

Jan. 23, 1957.

Byron F. Novitsky, James P. Murphy, Fort Wayne, Ind., for appellant.

Winslow Van Horne, Atty., Auburn, Ind., Leigh L. Hunt, Fort Wayne, Ind., Hunt & Suedhoff, Fort Wayne, Ind., of counsel, for appellee.

Before DUFFY, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

DUFFY, Chief Judge.

Defendant Insurance Company issued a policy of motor vehicle liability insurance to one Harry Fox of Fort Wayne, Indiana, covering a 1947 Mack Truck for a period of 12 calendar months from February 13, 1952. The policy covered Fox and any person using or any organization legally responsible for the use of said truck. On September 19, 1952, while the truck was being operated by an employee of plaintiff, with the permission of Fox, it was involved in a collision on a highway in the state of Ohio, and one Pickering was killed. Pickering's widow brought suit against plaintiff in an Ohio state court, alleging damages of $125,-000. The case was removed to the United States District Court for the Southern District of Ohio where it is now pending. Defendant refused to defend this action as well as another suit brought in an Indiana state court. Defendant insurance company denies all responsibility under said policy.

Plaintiff brought this action in the United States District Court for the Northern District of Indiana seeking a declaratory judgment. Both plaintiff and defendant moved for summary judgment. No oral testimony was taken as

the parties submitted the cause upon a stipulation of facts.

The case turns upon an endorsement on said policy reading: "In consideration of the premium at which the policy designated below is issued, it is warranted by the insured that no regular or frequent trips of commercial vehicle described in such policy are or will be made during the policy period to any location beyond a 50-mile radius from the limits of the city or town of principal garaging of said vehicle." The place of principal garaging was designated in the policy as 315 East Columbia Avenue, Fort Wayne, Indiana. By reason of said endorsement, Fox obtained a saving of $96.55 over the premium which would have been due on said policy without said endorsement.

On September 1, 1952 the insured, Harry Fox, loaned the Mack truck to plaintiff for a period of approximately one month, for the purpose of hauling a large quantity of scrap iron and metals from the General Electric Plant at Lockland, Ohio, to the New York Central Railway siding at Sharonville, Ohio. Both Lockland and Sharonville are in the Cincinnati metropolitan area and are located about 5 or 6 miles apart. Both locations are more than 100 miles distant from Fort Wayne, Indiana. The premium on the policy in suit in the Cincinnati area would have been $284.31 as compared with $219.08 which was the cost by reason of being issued in the Fort Wayne area.

The District Court granted defendant's motion for summary judgment, holding that plaintiff was operating the truck of Harry Fox outside the terms of the insurance policy in suit, and that defendant was not liable under the policy by reason of the collision which caused Pickering's death.

As originally written, the policy permitted trips of the insured vehicle anywhere in the United States and Canada. The endorsement had the effect of limiting regular or frequent trips outside of an area that was within a radius of fifty miles from Fort Wayne, Indiana. On September 1, 1952, plaintiff's truck was driven empty from Fort Wayne to the Cincinnati area. Thereafter, until September 19, 1952, the date of the collision, the truck made frequent trips between Lockland, Ohio, and Sharonville, Ohio, but did not return to Fort Wayne.

Plaintiff points out that the word "trips" does not appear in any part of the policy save in the endorsement; argues that a trip must have a point of origin and a point of termination, and that it is apparent Fort Wayne would be the starting point of any trip. Plaintiff says that the trip of the truck to Ohio was for the purpose of hauling junk and was not completed until all of the junk had been hauled and the insured vehicle returned to Fort Wayne. Plaintiff also argues that the endorsement makes no mention of the use to which the truck could be put; that if defendant Insurance Company intended to limit both "trips" and "principal use" of the insured vehicle to a specified area, it could and should have done so by unmistakable language.

Plaintiff relies upon McCoy v. Elliott, D.C.S.D.Fla.1947, 72 F.Supp. 790. There the insurance policy contained an endorsement or rider which provided: " * * * that the regular and frequent use of the commercial automobile described in the policy is and will be confined during the policy period to the territory within a 500 mile radius of the limits of the city or town of principal garaging * * *." The truck was garaged at Laurel, Delaware. It was involved in a collision in Florida, more than 500 miles from Laurel. The truck had been sent to Florida to pick up vegetables purchased by defendant's son who acted as an agent for commission houses. The truck had made two trips in the preceding two months and was on its last trip for that season when the accident occurred. The court held that only a limited use of the truck was made by defendant's son in his vegetable-buying activities, and the insurance company was held liable.

Defendant relies principally upon Kindred v. Pacific Automobile Insurance Co.,

·10 Cal.2d 463, 75 P.2d 69. The insurance policy there contained a similar endorsement to that heretofore described, except the limit was· for fifty miles from the .place of principal garaging. The truck moved from El Centro to Fresno area, more than fifty miles distant, some time ·after July 4 and remained there until August 14, the date of the accident. Its primary use was in moving crates and .fruits to and from the orchards and the market in the Fresno area. The court decided that although the movement to the Fresno area from El Centro was incidental to the main purpose, the movements in and about Fresno constituted a series of frequent trips, separate and distinct from the original movement. The court held such frequent trips in the Fresno area were in violation of the endorsement and held that the insurance carrier was not liable upon the policy.

The facts in the· instant case closely parallel those in the Kindred case. The trip from Fort Wayne to the Cincinnati area was incidental to the main purpose of the journey. However, the trips which occurred several times a day for a period of a month between locations over 100 miles from the designated place of principal garaging, violated the terms of the endorsement.

If plaintiff's contentions were to be upheld, the truck could have been operated in the Cincinnati area for ·an unlimited period, with the insurance company liable for any negligence in the operation of the truck. We do not think that any such situation was contemplated by· either of the parties to the insurance contract. The difference in insurance rates speaks eloquently that such an interpretation ·never had occurred to the Insurance Company.·

We hold that the District Court was correct in' holding that the truck ·was being operated in violation of the insurance contract on September 19, 1952, the ·date of the accident.· It follows· the defendant is not liable under· the policy because of such accident.

Affirmed.·· ·