**COLONIAL COACH MANUFACTURING CORPORATION, a corporation, Plaintiff-Appellant,**

v.

**The HOME INSURANCE COMPANY, a corporation, Defendant-Appellee.**

No. 12342.

United States Court of Appeals
Seventh Circuit.

Oct. 29, 1958.

Hamilton Clorfene, Chicago, Ill. (Rappaport, Clorfene & Rappaport, Chicago, Ill., of counsel), for appellant.

Paul H. Heineke, Chicago, Ill. (Arthur J. Baer, Jr., Heineke, Conklin & Schrader, Chicago, Ill., of counsel), for appellee.

Before HASTINGS, PARKINSON and KNOCH, Circuit Judges.

PARKINSON, Circuit Judge.

This appeal follows a judgment for defendant in an action on a fire insurance policy. Trial was to the court on an agreed stipulation that a trailer coach belonging to the plaintiff was displayed at a show in Omaha, Nebraska from April 24 to April 26, 1956; that after the show the trailer coach was moved to a storage lot in Omaha on April 28, 1956 and about 6:00 P. M. was damaged by an explosion. At the time of the explosion the plaintiff had a policy of fire insurance covering stock, materials and supplies consisting principally of finished trailers in open yard:

"all while contained in any building, shed or structure or in cars, vehicles or in the open on the premises or within 100 feet of the buildings described, within the limits of Indiana" (The quote from the policy is printed with the exception of the word "Indiana" which was inserted by typewriter on a line left blank for insertion purposes.)

"List of Locations and Limits—

| "Item "Number | Location Street Address and City | Limit of Liability for all Contributing Insurance |
|---|---|---|
| 1 | 2744–50 Sheffield Avenue | $150,000.00 |
| 2 | Hammond, Indiana | |
| 3 | | |
| 4 | 1084 Indianapolis Blvd. Robey, Indiana | $15,000.00 |
| 5 | Rated as Rear 830–142 Indianapolis Blvd., | |
| 6 | Hammond, Indiana | |
| 7 | At any other location acquired if included in the next succeeding monthly Report of Values as provided in the Value Reporting Clause. | $10,000.00" |

The only contested issue is whether the policy in suit covered the plaintiff for a loss occurring in Omaha, Nebraska. The plaintiff contends that it was so covered by virtue of Item 7 of the policy above quoted and the defendant contends that the policy limits coverage to property of the plaintiff while located within the state of Indiana.

The plaintiff argues that coverage is not limited to the state of Indiana because Item 7 provides coverage "at any other location acquired" and as Item 7 does not itself limit such acquired location to Indiana the terms of the policy are ambiguous. It then cites cases holding that contracts of insurance are to be construed most strongly against the insurance company so as to give protection to the insured if it can reasonably be done and when a policy of insurance contains contradictory or inconsistent provisions, one favorable to the insurer and the other favorable to the insured, the construction favorable to the insured should prevail. With these authorities we are in complete accord. However, the rule of construction most favorable to the insured is founded upon the premise of existent ambiguity.

Applying the law of Indiana, as we are here bound to do, a contract of insurance, like any other contract, must be construed according to the sense and meaning of the terms which the parties have used, and, if they are unambiguous, the terms are to be taken in their plain and ordinary sense. Hoosier Mutual Automobile Insurance Co. v. Lanam, 1923, 79 Ind.App. 629, 632, 137 N.E. 626. In the absence of ambiguity in an insurance contract neither party can be favored in its construction, Shedd v. Automobile Ins. Co. of Hartford, 1935, 208 Ind. 621, 629, 196 N.E. 227, and the terms of an insurance policy must not be distorted from their natural meaning and the agreed liability of the insurer enlarged into one which only a new and different contract would have imposed and the rights of the insured thereby extended beyond the clear limits of the policy. Metropolitan Life Insurance Co. v. Winiger, 1938, 215 Ind. 120, 127, 17 N.E.2d 86, 89; Indiana Rolling Mill Baling Corp. v. National A. & C. Ins. Co., D.C. N.D.Ind.1956, 141 F.Supp. 831, affirmed 7 Cir., 240 F.2d 74.

The policy in suit specifically insured property of the plaintiff while located "within the limits of Indiana". This geographical limitation was typewritten in the policy at the place provided for the insertion of such territory as agreed upon by the parties. Even if there was a conflict, which there is not, between some printed portion and the typewritten word "Indiana" the law is clear in Indiana that the typewritten portion would prevail. State v. Scott Construction Co., 1931, 97 Ind.App. 652, 658, 174 N.E. 429, 431.

It is crystal clear to us that coverage under the policy in suit was limited to property of the plaintiff while located within the state of Indiana and not elsewhere. Accordingly the damage to the property of the plaintiff while in Omaha, Nebraska was not within the coverage of the policy in suit. The District Court was correct in so holding.

The judgment is affirmed.