KOVATCH MOBILE EQUIPMENT
CORP., Plaintiff,

v.

WARREN TOWNSHIP OF MARION
COUNTY and Leasing Unlimited,
Inc., Defendants,

v.

KOVATCH MOBILE EQUIPMENT
CORP. and Leasing Equipment, Inc.,
Counterclaim Defendant and Crossclaim
Defendant.

TERRE HAUTE FIRST NATIONAL
BANK, Intervening Plaintiff,

v.

KOVATCH MOBILE EQUIPMENT
CORP. and Leasing Unlimited,
Inc., Defendants.

IP 91–1249–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Feb. 5, 1993.

Lawrence R. Wheatley, Daniel E. Nelson, Stewart & Irwin, Robert L. Browning, Scopelitis, Garvin, Light, & Hanson, Indianapolis, IN, for plaintiff.

Anne McGown, Barnes & Thornburg, Indianapolis, for defendants.

ENTRY

BARKER, District Judge.

This matter is before the Court to address Warren Township's and Terre Haute First National Bank's motions for dismissal under Fed.R.Civ.P. 12(b)(6) and Warren Township's, Terre Haute First National Bank's, and Kovatch Mobile Equipment's motions for summary judgment under Fed.R.Civ.P. 56. The motions are fully briefed, and upon review, the Court GRANTS, in part, and DENIES, in part, Warren Township's motion to dismiss, GRANTS Terre Haute's motion to dismiss, DENIES Warren Township's motion for summary judgment, DENIES Terre Haute's motion for summary judgment, and DENIES Kovatch's motion for summary judgment.

## I. Background

In early 1989, Warren Township wanted to lease, with an option to purchase, a new firetruck. Kovatch Mobile Equipment (a manufacturer and seller of "firetrucks and related equipment") and Leasing Unlimited (a financial leasing company) submitted a joint bid, ostensibly where Leasing Unlimited would purchase a firetruck from Kovatch, and Leasing Unlimited would lease/sell that firetruck to Warren Township. Warren Township eventually accepted their bid, and in April of 1989, Warren Township and Leasing Unlimited executed the "Equipment Lease/Purchase Agreement," whereby Leasing Unlimited agreed to lease/purchase a KME Model 1250 G.P.M. Renegade Pumper; the agreement also provided that "so long as the Lessee [Warren Township] shall not be in default ... [title] shall vest permanently in Lessee [Warren Township] upon the completion of all rental payments specified in the Exhibit B of this Agreement...." The Equipment Lease/Purchase Agreement provided, "To secure all obligations of [Warren Township] hereunder, [Warren Township] hereby grants to Lessor a security interest in any and all of [its] right, title and interest in and to this agreement, the Equipment...."

In May of 1989, Kovatch and Warren Township executed the "Agreement of Sale," which states that Kovatch is to furnish Warren Township the KME Model 1250 G.P.M. Renegade Pumper and that "[t]he purchase price to be paid by the BUYER for the apparatus and equipment shall be as follows: ... TOTAL NET PRICE DUE ON DELIVERY: $167,799.00." However, in a typewritten addendum, the Agreement of Sale provides that:

Above amount will be Invoiced to and Paid by Leasing Company on delivery of apparatus:

Leasing Unlimited

P.O. Box 2475

Anderson, Indiana 46018

The Agreement of Sale further states that:
6. It is agreed that the apparatus and equipment covered by this Agreement shall remain the property of [Kovatch] until the entire purchase price has been paid, ... and in case of any default in payment, [Kovatch] may take possession of the apparatus and equipment, ... and any payments that have been made shall be applied as rent in full for the use of the apparatus and equipment up to date of taking possession. [Warren Township] further agrees that it shall not place the apparatus into fire services until full payment of the purchase price has been made.

\*    \*    \*    \*    \*    \*

9. This Agreement contains all of the terms and conditions agreed upon by the parties with reference to the apparatus and equipment specified herein, and takes precedence over all previous negotiations or agreements concerning said apparatus and equipment. Each of the parties agrees that it has not executed this Agreement in reliance upon any warranty, representation or promise other than those contained herein.

10. This Agreement may not be modified, except in writing, executed by the party to be bound by such modification.

Shortly after Kovatch and Warren Township executed the Agreement of Sale, on June 9, 1989, Leasing Unlimited assigned the Equipment Lease/Purchase Agreement to Terre Haute First National Bank in exchange for $125,514.21.

Approximately one year later, on or about April 16, 1990, Kovatch delivered its newly manufactured firetruck to Warren Township. Warren Township accepted the firetruck "[i]n accordance with the terms of the Equipment Lease/Purchase Agreement ... between Leasing Unlimited, Inc. ... and the undersigned [Warren Township.]" *See* Equipment Lease/Purchase Agreement, Exhibit H. At the time of delivery, neither Leasing Unlimited nor Terre Haute First National Bank paid Kovatch for the firetruck, however. Rather, on April 18, 1990, Leasing Unlimited tendered Kovatch a promissory note, due on or before May 18, 1990, for $167,799.00 (the net price of the firetruck.) Kovatch received only partial payment on that note ($79,000.00), and filed this lawsuit against Warren Township and Leasing Unlimited.

Kovatch subsequently filed a three count Amended Complaint, in which Kovatch seeks possession of the firetruck under a theory of replevin (Count I), and, in the alternative, requests damages from Warren Township and/or Leasing Unlimited and/or Terre Haute First National Bank for breach of contract (Count II) and claims Warren Township and/or Leasing Unlimited and/or Terre Haute First National Bank must pay Kovatch $88,799.00, the remaining sum due on the promissory note, under the theory of quantum meruit (Count III).[1] The Amended Complaint makes no mention of Leasing Unlimited's promissory note. Terre Haute and Warren Township, in turn, each filed counterclaims against Kovatch and Leasing Unlimited.

## II. Discussion

### Warren Township's Motion to Dismiss

■ A. Warren Township moves to dismiss Count I on the basis that Kovatch fails to state a claim for replevin. Warren Township asserts that because Kovatch breached the Agreement of Sale by not collecting payment when it delivered the firetruck, it has no enforceable claim to possession under the Agreement of Sale, citing *Potomac Insurance Co. v. Stanley*, 281 F.2d 775, 781 (7th Cir.1960) (it is an "established principal of law in Indiana that one who would seek to enforce a contract for his benefit must show that he has performed all conditions on his part required to be performed as a condition precedent to his right"). In response, Kovatch states that it is entitled to possession of the firetruck under the Agreement of Sale, that it did not breach any material element of the contract, that it made a good faith effort to comply with the contract, and that the contract was modified by the parties' conduct.

■ "A replevin action is a speedy statutory remedy designed to allow one to recover possession of property wrongfully held or detained as well as any damages incidental to the detention." *State Exchange Bank v. Teague*, 495 N.E.2d 262, 266 (Ind.Ct.App. 1986) (citations omitted). The only issue necessarily decided in a replevin action is the right to present possession. *Id.*

Kovatch has pled in its Amended Complaint that it has not yet been fully paid for the firetruck, and under paragraph six of the Agreement of Sale, it is entitled to take possession of the truck. Kovatch argues that by delivering the firetruck as promised, it performed every condition required to be performed on its part as a condition precedent under the Agreement of Sale. Although Kovatch delivered the firetruck to Warren Township without receiving full payment, it cannot be established, as a matter of law, that Leasing Unlimited's or Warren Township's failure to remit payment was Kovatch's fault; if fault is ascribable to anyone, it goes to whomever was legally responsible to pay for the truck. Even if Leasing Unlimited's or Warren Township's failure to pay for the firetruck upon its delivery could be attributed to Kovatch, at least in part, whether that breach by Kovatch is a *material* one, going to the heart of the transactions, is a question of fact that precludes a summary dismissal. *Goff v. Graham*, 159 Ind.App. 324, 306 N.E.2d 758, 765 (1974).

Kovatch has presented evidence to establish that, when it became apparent that Leasing Unlimited could not pay for the firetruck when it was delivered to Warren Township, Warren Township, Kovatch, and Leasing Unlimited orally modified the contract to allow the firetruck to be placed into service upon Kovatch's receipt of Leasing Unlimited's promissory note and to permit Kovatch to retain title of the firetruck until Leasing Unlimited paid for the firetruck or otherwise fulfilled its obligation under the promissory note.[2] *See Indianapolis v. Twin Lakes En-*

---

1. Leasing Unlimited has yet to file an appearance in this action. Kovatch filed a motion for a default judgment against Leasing Unlimited, but withdrew that motion when it learned that Leasing Unlimited had filed for bankruptcy. *See* Pre-Trial Entry for April 23, 1992, dated July 9, 1992.

2. Nick Swartz, an agent of Kovatch, states in his affidavit:

    5. On April 6, 1990, I inquired as to the payment for the Firetruck which was delivered to Warren Township. In response to my inquiry[,] I was advised that payment had not been made. . . .

terprises, Inc., 568 N.E.2d 1073, 1085 (Ind. 1991) (contract providing that any subsequent modification must be in writing may nevertheless by modified orally); *TRW, Inc. v. Fox Development Corp.*, 604 N.E.2d at 630 (Ind.Ct.App.1992). Accordingly, Kovatch has pled sufficient facts and corroborated them with sufficient proof to allow the claim to go forward to establish that Kovatch may have a right to possess the firetruck. Because the Amended Complaint sufficiently states a claim for replevin, Warren Township's motion for dismissal of Count I must be denied.

■ B. Warren Township next moves for a dismissal of Count II, claiming that Count II is essentially a breach of contract claim directed toward Leasing Unlimited and Terre Haute First National Bank, and, although Kovatch names Warren Township as a defendant in that count, Kovatch alleges no factual or legal basis for its breach of contract claim against Warren Township.

In its response to the motion to dismiss, Kovatch asserts that "once again Warren mischaracterizes Count III [sic] of Kovatch's Complaint [sic]." According to Kovatch, Warren Township is responsible for payment of the firetruck under the terms of the Agreement of Sale. Kovatch claims that "it is not clear that the purchase price was to be paid by Leasing Unlimited and that liability would fall to Leasing Unlimited which was not even a signatory to the Agreement for [sic] Sale." In support of that counterclaim, Kovatch submitted the deposition of John J. Kovatch III, the vice president of Kovatch Mobile Equipment:

A. ... Again, thing [sic] that I care about was that it was a contract with Warren Township and myself. Who they were going to send a check to me from, I didn't care. Who they want me to send an invoice to really didn't affect anything because the contract

was between Warren Township and KME....

Q. Are you expected to receive payment directly from the leasing company?

A. By what's typed on here I'd say, you know, "The above will be Invoiced to and Paid by Leasing Company, Leasing Unlimited," I think you'd have to assume that the check was going to come from Leasing Unlimited. I just have to keep going back. Contract was with Warren Township, not with Leasing Unlimited.

Looking only to the face of the Amended Complaint, it is not entirely clear that Kovatch has adequately pled a breach of contract claim against Warren Township. Kovatch has pled simply and plainly in the Amended Complaint, "Pursuant to the Agreement of Sale, the net price was to be paid by the Leasing Company on delivery of the apparatus," and "As of July 26, 1990 up to the current date Kovatch is owed Eighty Eight Thousand Seven Hundred Ninety Nine Dollars ($88,799.00)." However, because Kovatch has submitted matters outside the pleadings, specifically, the deposition testimony of John J. Kovatch, the Court converts that part of Warren Township's motion to dismiss into one for summary judgment. *See* Fed.R.Civ.P. 12(b) (when a party moves for dismissal under Fed.R.Civ.P. 12(b)(6) and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").

■ In contract law, the intention of the parties controls decisions regarding the substance of agreements, and that intention is expressed by the clear language of the contract. *Scott v. Anderson Newspapers, Inc.*, 477 N.E.2d 553, 559 (Ind.Ct.App.1985) (citations omitted). "If the parties' intention is discernable from the written contract and the

---

6. On or about April 18, 1990, representatives of Leasing Unlimited approached me concerning the delivery of a promissory note so that the Firetruck in question could be placed in service at Warren Township.

7. On or about April 18, 1990, after conferring with representative at Kovatch Mobile Equipment, Inc.[,] I advised Warren Town-

ship's attorney that the Firetruck in this controversy could be put into service by Warren Township.

8. During the same conversation on April 18, 1990[,] I also advised Warren Township's attorney that the manufacturer's certificate of origin would not be released by Kovatch until full payment was received for the firetruck.

unambiguous terms of the contract are conclusive regarding the parties' intentions, then the court must give it effect." *Id.* (citations omitted). In other words, a court will not construe an unambiguous contract; where the terms of a contract are clear, the court merely applies the contract provisions. *Id.* A contract is unambiguous if reasonable people would find the contract subject to only one interpretation. *Id.*

■ When construing an ambiguous contract and there is apparent conflict between or among the provisions of the agreement, writing prevails over printing, handwriting over typewriting, and typewriting over printing. *Id.* at 562; *State v. Scott Const. Co.,* 97 Ind.App. 652, 174 N.E. 429, 431 (1931); *Colonial Coach Mfg. Corp. v. Home Insurance Co.,* 260 F.2d 532, 534 (7th Cir.1958); *In re Greives,* 81 B.R. 912, 953 (B.C.N.D.Ind.1987); *see Peoples Outfitting Co. v. Gen Elec. Cr. Corp.,* 549 F.2d 42, 45 (7th Cir.1977) (court held that handwritten and typewritten additions and deletions to a printed contract "would seem to prevail over the arguably inconsistent non-obligation provisions of the printed agreement" and concluded that the appellant had therefore established a genuine issue a material fact with regard to the contractual intentions of the parties). However, "[i]f a contract is ambiguous or uncertain and its meaning is to be determined by extrinsic evidence, its construction is a matter for the factfinder." *TRW, Inc. v. Fox Development Corp.,* 604 N.E.2d 626, 630 (Ind.Ct.App.1992) (citing *First Federal Savings Bank v. Key Markets, Inc.,* 559 N.E.2d 600, 604 (Ind. 1990).

The intent of the parties here is not plain or unambiguous. The language of the Agreement of Sale does not make clear who is obligated to pay for the firetruck; the printed part states that the BUYER pays, the typewritten part states that a non-party to the contract, Leasing Unlimited, pays. The contract yields to more than one reasonable interpretation, and accordingly, "extrinsic circumstances and rules of contract con-

struction may be [eventually] employed to help construe the contract and the intent of the parties." *Rieth–Riley Constr. Co. v. Auto–Owners Mut. Ins. Co.,* 408 N.E.2d 640 (Ind.Ct.App.1980); *see In re Greives,* 81 B.R. at 953; *American Anodco, Inc. v. Reynolds Metal Co.,* 743 F.2d 417, 422 (6th Cir.1984) (parol evidence admissible if required to explain cryptic handwritten notes appended to a typed and printed contract).

Because the contract on its face is ambiguous, primarily as to who pays for the firetruck, and circumstantial evidence is needed to explain that ambiguity, summary judgment is unavailable. *TRW, Inc. v. Fox Development Corp.,* 604 N.E.2d at 630. Even if the Court were to apply the typing-over-printing rule and construe the extrinsic evidence in the light most favorable to the nonmovant (including John Kovatch's statement that it was his intent that Warren Township would be ultimately responsible for payment) the Court still could not determine, as a matter of law, the intention of the parties. There is a genuine issue of material fact as to who is obligated to pay for the firetruck under the Agreement of Sale. Because Kovatch claims that Warren Township is liable under the Agreement of Sale and has presented evidence in support of that contention, Warren Township's motion to dismiss Count II (now converted into a motion for summary judgment) must be denied.

■ C. Warren Township also moves to dismiss Count III on the basis that Kovatch has failed to state a claim for quantum meruit—that the existence of an express agreement precludes a claim under quantum meruit, that there was no "meeting of the minds," and that Kovatch cannot establish "the necessary circumstances for equity to demand that Warren pay compensation to Kovatch to prevent unjust enrichment." [3] In response, Kovatch argues that it has done equity itself, that Warren has clearly attempted to repudiate the Agreement of Sale, and that, although an express agreement precludes a claim for quantum meruit, "[i]f

---

**3.** Besides generally stating that "[i]t is clear from Kovatch's Complaint [sic] that Kovatch does not come with clean hands nor meet the criteria for all the reasons stated above and, therefore, is not entitled to the equitable relief it seeks," Warren Township does not explain how it is that Kovatch has not itself done equity.

the Court were to find for Warren and Terre Haute as to their arguments on the liability to pay Kovatch, there is no express contract on liability to Kovatch for payment."

Quantum Meruit is a legal fiction, "a breach of contract remedy available to an innocent party to recover the value of services performed under the contract." *Indianapolis v. Twin Lakes Enterprises, Inc.,* 568 N.E.2d 1073, 1078 (Ind.Ct.App.1991). It "seeks to provide the injured party with the fair value of work and services rendered and thus prevent the unjust enrichment of another." *Id.* A similar doctrine, known variously as quasi-contract, contract implied in law, or constructive contract, shares the same purpose as quantum meruit but differs, in that constructive contract refers "to the situation in which obligations are imposed by law, without regard to the assent of the parties bound, to permit a contractual remedy where no contract exists in fact but where justice nevertheless warrants a recovery under the circumstance as though there had been a promise." *Id.; see Bayh v. Sonnenburg,* 573 N.E.2d 398, 408 (Ind.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1170, 117 L.Ed.2d 415 (1992).

Indiana has accepted the Restatement of Restitution's broad statement of quantum meruit: "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." Restatement of Restitution § 1 (1937); *Bayh v. Sonnenburg,* 573 N.E.2d at 408. Therefore, "[t]o prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Bayh v. Sonnenburg,* 573 N.E.2d at 408.

"As a general rule, there can be no constructive contract where there is an express contract between the parties in reference to the same subject matter." *Indianapolis v. Twin Lakes Enterprises, Inc.,* 568 N.E.2d at 1079. However, the existence of an express contract will not prevent a party from pre-

senting to a jury a breach of contract theory and a quantum meruit theory if "the express contract arguably cover[s] a different subject matter than that upon which [the plaintiff] sought a remedy in quasi-contract." *Id.*

Here, no express contract exists between Leasing Unlimited and Kovatch relating to the payment of the firetruck (at least none has been brought to the attention of the Court), but there is an express agreement (the Agreement of Sale) between Warren Township and Kovatch covering the terms of the purchase and payment of the firetruck. When Kovatch asserts, "[i]f the Court were to find for Warren and Terre Haute as to their arguments on the liability to pay Kovatch, there is no express contract on liability to Kovatch for payment," it misses the point: such a conclusion by the court would not cancel or otherwise negate the fact of the express agreement. The Court need not invent or imply a contract between Warren Township and Kovatch covering the purchase and payment of the firetruck when the Agreement of Sale already exists. Further, because Warren Township is obligated under the Equipment Lease/Purchase Agreement to pay for the firetruck and has already made payments under that agreement totalling $112,539.84,[4] it cannot be said that Warren Township has or will reap any unjust enrichment. As a matter of law, therefore, Kovatch has failed to state a claim for quantum meruit against Warren Township, making Kovatch's alternative claim for quantum meruit subject to dismissal.

### Warren Township's Motion for Summary Judgment

■ Warren Township has also filed a motion for summary judgment, claiming that with regard to the replevin claim in Count I, Kovatch's sole claim for possession is based on an "isolated and superseded clause" in the Agreement of Sale. Warren Township argues that the typewritten phrase, "Above amount will be Invoiced to and Paid by Leasing Company on delivery of apparatus ...," clearly and unambiguously supersedes the right of possession language in paragraph

---

4. Two more payments remain under the lease agreement; one payment of $37,513.28 is currently in escrow.

six. Warren Township further claims that it did not agree to any lien or possessory interest in the firetruck vesting in Kovatch, "because such could never occur if Kovatch followed the terms of the Agreement." Kovatch responds that it was not relying solely on Unlimited Leasing for payment of the firetruck, again citing the deposition testimony of John Kovatch, and claims that the typewritten phrase does not supersede paragraph six of the Agreement of Sale.

Although the typewritten statement, "Above amount will be Invoiced to and Paid by Leasing Company on delivery of apparatus," and the printed statement, "The purchase price to be paid by the BUYER for the apparatus and equipment shall be as follows: ...," appear to conflict under one possible interpretation of the contract,[5] neither of those statements conflicts with paragraph six, which provides that, regardless of who is responsible for payment, Kovatch shall retain title to the firetruck until it gets paid. The contract is not ambiguous with regard to Kovatch's right of possession until it gets paid nor is paragraph six superseded by the typewritten addendum. Warren Township's motion for summary judgment on this point is thus without merit and must be denied.

■■■ Warren Township has also moved for summary judgment on Count I, claiming that Kovatch accepted Leasing Unlimited's promissory note as payment for the firetruck, and in so doing, relinquished its right to possess the firetruck, either to Warren Township or Leasing Unlimited. Alternatively, Warren Township argues that if Kovatch accepted the note but not as full payment for the firetruck and still delivered the firetruck to Warren Township, then Kovatch breached the Agreement of Sale and cannot seek to recover under a breach of contract theory, since one who seeks to enforce a contract for its own benefit must show, as a condition precedent to enforcing any of its alleged rights under the contract, that it has fully performed its obligations under the contract. In response, Kovatch argues that

Warren Township's contentions are not supported by the facts since, by its own admission, Warren was in possession of the Firetruck before the promissory note was accepted. Kovatch also claims that, according to Nick Swartz, Kovatch accepted the promissory note in exchange for delivery of the firetruck, but advised Warren . Township that Kovatch would not relinquish title "until full payment was received for the Firetruck." Affidavit of Nick Swartz, ¶¶ 6–9, *see* note 1. Kovatch maintains that it was Warren Township who caused Kovatch's problems—by failing to place its lease payments in an escrow account and by "negotiating, executing, reviewing and fulfilling its terms under the lease with Leasing Unlimited" with "total incompetence." *Id.* at p. 12.

Although Kovatch's response is conclusory and somewhat off-point, whether or not Kovatch's acceptance of the promissory note was in full or partial payment for the firetruck is a disputed question of fact, precluding summary judgment. Kovatch has presented evidence to support its contention that it did not accept the note as full payment for the truck, and as discussed above, Leasing Unlimited's or Warren Township's failure to pay for the truck does not prevent Kovatch from seeking recovery under the Agreement of Sale. Because the intent, purpose, and force of the promissory note are disputed, and because Kovatch has presented sufficient evidence to support its claim that the parties modified their agreement to allow for post-delivery payment (in accordance with the terms of the promissory note), Warren Township's motion for summary judgment must be denied on this basis as well.

### Terre Haute First National Bank's Motion to Dismiss

Terre Haute filed a motion to dismiss Kovatch's Amended Complaint on the basis that Kovatch fails to state a claim upon which relief can be granted. Terre Haute claims that the bank is not even mentioned in the Agreement of Sale or Leasing Unlimited's promissory note, nor is it obligated to Ko-

---

5. Of course, as discussed above, that interpretation is refuted by Kovatch's claim (and the parol evidence submitted in support thereof, which would be admissible since the contract is ambig-

uous on this point) that both Warren Township and Leasing Unlimited are required under the Agreement of Sale to make payment for the firetruck.

vatch under the assumed Equipment Lease/Purchase Agreement or any other related document. Terre Haute claims that the only document obligating anyone to pay Kovatch for the firetruck is Leasing Unlimited's promissory note, which agreement was never assigned or transferred to Terre Haute, and Terre Haute argues that Leasing Unlimited, which is not a party to that contract, is not bound under the Agreement of Sale as well.

Terre Haute claims that it is the assignee of "all rental payments due and to become due under the [Equipment Lease/Purchase Agreement] and ... a first and prior security interest in the [firetruck] and all [Leasing Unlimited's] rights and remedies thereunder...." Terre Haute also argues that it was not assigned any of Leasing Unlimited's obligations under that agreement. Terre Haute explains that, under the Equipment Lease/Purchase Agreement, the lessor, Leasing Unlimited, had the right to assign "all or any part of its interest in the Equipment or this Agreement, including without limitation, Lessor's rights to receive the rental payments and any additional payments due and to become due hereunder," but none of its obligations under that agreement. Even if it did assume Leasing Unlimited obligations under the Equipment Lease/Purchase Agreement, Terre Haute maintains that the only obligation noted under that agreement is the requirement that the lease holder vest title to the firetruck with Warren Township at the end of the lease. (Recall that Section 6.1 of the Equipment Lease/Purchase Agreement provides that "[t]itle to the Equipment ... shall be deemed to be in the Lessee so long as the Lessee shall not be in default ... and shall vest permanently in Lessee upon the completion of all rental payments specified in the Exhibit B of this Agreement Equipment [sic], free and clear of any lien or security interest of Lessor therein.")

In a (late) response memorandum, Kovatch argues that the clear intent of the Agreement of Sale is that Leasing Unlimited was to have acquired the firetruck for Warren Township, that the Agreement of Sale is enforceable against Leasing Unlimited under a third party beneficiary theory, and that Terre Haute

"assumed the position of Leasing Unlimited in this matter." Kovatch also claims that Leasing Unlimited is not responsible for payment of the firetruck, and in support there of, claims that Terre Haute is the "leasing company" noted on the Agreement of Sale. In support of this last claim, Kovatch states in its response:

> Both Terre Haute and Warren attempt to argue that the Agreement for [sic] Sale denotes and specifically states that Leasing Unlimited is responsible for paying for the contract upon delivery. This is not true. The [Agreement of Sale] document clearly states the following:
>> "Above amount will be invoiced to and paid by *leasing company* on delivery of apparatus." (Emphasis added).
> There is no specific reference in this statement that Leasing Unlimited shall be the party obligated to make the payments. In fact, the specific reference is to the leasing company. At the time of the delivery of the apparatus, as admitted by both Warren and Terre Haute, Terre Haute was the leasing company and continues to this date to be so.

Kovatch's Response to Terre Haute First National Bank's Motion to Dismiss, p. 5.

Kovatch advances its contention that Terre Haute is the "leasing company" noted on the Agreement of Sale, apparently without shame, even though that assertion is wholly incredible. It appears to the Court that Kovatch purposely misquoted the Agreement of Sale, omitting the clear and explicit reference to Leasing Unlimited as the "leasing company" in hopes of deceiving this Court. Specifically, the phrase in the Agreement of Sale upon which Kovatch relies for its "leasing company" argument does not end with a period after the word "apparatus," as Kovatch claims in its brief. In truth, a colon follows the word "apparatus," followed by the name and address of Leasing Unlimited. (An accurate reproduction of this part of Agreement of Sale is reproduced in the *Background* section of this Entry.) The leasing company referenced in the Agreement of Sale is assuredly Leasing Unlimited, and Kovatch's apparent attempt to mislead this Court by misrepresenting the language and punctuation of the Agreement of Sale is shameful, if not sanctionable.

Notwithstanding Kovatch's attempts to deceive and misdirect, it is plainly apparent that Terre Haute's motion to dismiss must be granted. Whether Leasing Unlimited is obligated under, or considered a third party beneficiary [6] to the Agreement of Sale is irrelevant as far as Terre Haute's interests are concerned; Kovatch has not contended that the Agreement of Sale was assigned to or assumed by Terre Haute, that Terre Haute is a party or a third party beneficiary to the Agreement of Sale, or that Terre Haute assumed Leasing Unlimited's obligations under the Agreement of Sale.

When Kovatch asserts that Terre Haute "assumed the position of Leasing Unlimited in this matter," it paints with too broad a brush. Kovatch presents no cogent support for its claim that Terre Haute assumed Leasing Unlimited's "position ... in this matter" or Leasing Unlimited's obligation to pay for the firetruck. Though Terre Haute appears to have assumed Leasing Unlimited's rights (and arguably its obligations) under the Equipment Lease/Purchase Agreement, that document does not obligate Leasing Unlimited to pay Kovatch (or anyone else) for the firetruck. In short, Kovatch fails to support its contention that "at the time of delivery Terre Haute First National Bank was the Leasing Company" as noted on the Agreement of Sale or its contention that Terre Haute agreed or assumed Leasing Unlimited's obligation to pay for the firetruck. Having thus failed to state a claim for breach of contract against Terre Haute, Count II, as it pertains to Terre Haute, must be dismissed.

Terre Haute also moves to dismiss Count III, the quantum meruit claim of the Amended Complaint, on the grounds that Kovatch has not alleged that a benefit was rendered Terre Haute at Terre Haute's express or implied request; indeed, the fact that there was an express agreement covering the issue now in dispute defeats a quantum meruit claim. In addition, Kovatch has failed to establish that there was a "meeting of the minds" between Terre Haute and Kovatch concerning the conferring of benefits and the assumption of obligations, a prerequisite to recovery on a quantum meruit theory. Terre Haute summarily, and somewhat crypticly, claims that Kovatch has failed to assert the circumstances "required under equity ... to prevent unjust enrichment," that "[Kovatch] has not done equity and therefore cannot seek equity." Kovatch rejoins, arguing that "there is no agreement or contractual obligation on any party, based on the arguments of Warren and Terre Haute, to pay for the firetruck," and quantum meruit is thus a viable basis for recovery against Terre Haute.

With regard to its quantum meruit claim, Kovatch has failed to establish the manner in which a benefit was conferred by Kovatch on Terre Haute in response to Terre Haute's express or implied request. Further, Kovatch has failed to show that it had a "meeting of the minds" with Terre Haute regarding payment of the firetruck. Kovatch's explanation that it provided the firetruck at Warren Township's express or implied request does not establish that it did anything at Terre Haute's express or implied request. The fundamental principle underlying quantum meruit relief is unjust enrichment; yet here, it is uncontested that Terre Haute purchased the Equipment Lease/Purchase Agreement for value ($125,514.21) and thus could not be considered to have been "unjustly" enriched. Kovatch fails to support its claim that Terre Haute acquired the Equipment Lease/Purchase Agreement or any right to the firetruck or other conferred benefit without payment or that the retention of benefits under the Equipment Lease/Purchase Agreement would be unjust. *See Bayh v. Sonnenburg,* 573 N.E.2d at 408. Kovatch's claim for quantum meruit against Terre Haute, therefore, cannot stand, and Count III, as it pertains to Terre Haute, must be dismissed.

### Terre Haute First National Bank's Motion for Summary Judgment

In its motion for summary judgment, Terre Haute requests a declaration

6. The Court notes, however, that under third party beneficiary law, it is usually the third party who seeks to enforce the contract, not the named party. *See Gonzales v. Kil Nam Chun,* 465 N.E.2d 727, 729 (Ind.Ct.App.1984) ("one not a party to a contract may indirectly enforce the contract as a third party beneficiary ... if the contracting parties clearly intend to directly benefit him by imposing a duty in his favor").

that Warren Township has title to the firetruck and that Terre Haute has the first lien on the firetruck. In support of its motion, Terre Haute argues that title to the firetruck passed to Warren Township when Kovatch delivered the firetruck, and, at most, Kovatch retains only a security interest in the truck, pursuant to Ind.Code § 26–1–2–401(1). Alternatively, Terre Haute asserts that Kovatch has no security interest in the firetruck, because it breached the terms of the Agreement of Sale and/or accepted the promissory note as payment for the firetruck. Finally, Terre Haute maintains that it has a perfected and superior security interest in the firetruck. To all of this, Kovatch responds that Terre Haute's interest in the firetruck is unenforceable and "the issue of lien priority does not apply," that Kovatch does, indeed, possess an enforceable security interest in the firetruck (pursuant to the Agreement of Sale), and that the promissory note did not constitute payment for the firetruck.

Terre Haute's motion for summary judgment is without merit. As previously discussed, such a ruling is precluded by disputed issues of material fact regarding whether or not Kovatch breached the Agreement of Sale, whether Kovatch accepted the promissory note as full or partial payment for the firetruck, and whether Kovatch, Leasing Unlimited, and Warren Township modified the Agreement of Sale to allow Leasing Unlimited additional time to pay for the firetruck. Terre Haute's motion for summary judgment must therefore be denied.

Kovatch's Motion for Summary Judgment

In responding to Terre Haute's motion for summary judgment, Kovatch has moved for summary judgment against Terre Haute and Warren Township, claiming that the undisputed facts dictate a conclusion that it is entitled to judgment as a matter of law. Kovatch raises the same issues previously raised in its responsive briefs; in fact, Kovatch merely incorporates its response to Terre Haute's motion for summary judgment

as its S.D.Ind.LR 7.1 brief in support of a motion for summary judgment.[7] Without engaging in a protracted and repetitive discussion, suffice to say that although Kovatch has adequately stated a claim for replevin and breach of contract against Warren Township, the material facts on those claims are far from undisputed. Accordingly, Kovatch's motion for summary judgment is also without merit as against Warren Township, and that portion of the motion must be denied. Further, because the Court has granted Terre Haute's motion to dismiss, Kovatch's motion for summary judgment against Terre Haute is moot and is denied on that basis.

### III. Conclusion

In accord with the above discussion, Warren Township's motion to dismiss is GRANTED, in part, and DENIED, in part; Warren Township's motion for summary judgment is DENIED; Terre Haute's motion to dismiss is GRANTED; Terre Haute's motion for summary judgment is DENIED; and Kovatch's motion for summary judgment is DENIED.

It is so ORDERED.

---

**7.** Kovatch did not file with its motion a "Statement of Material Facts," thus violating S.D.Ind.LR 56.1.